liCIACCIO, Judge,
dissenting with reasons.
Because I find that defendant Seeor Bank F.S.B. is entitled to judgment as a matter of law on the issue of its status as statutory-employer of plaintiff, I must respectfully dissent from the majority opinion. Applying the standard set forth by the Supreme Court in Kirkland v. Riverwood International, USA 95-C-1830, (La. 9/13/96), 681 So.2d 329, that the court is to employ a multi-factored, case by case factual inquiry under the totality of the circumstances, I find that the record in this case clearly supports the grant of summary judgment in favor of Secor Bank.
The central issue in determining status as statutory employer is whether the contract work was part of the principal’s trade, business or occupation. Secor’s position in its motion for summary judgment included its contention that the non-speeialized, simple, and routine cleaning work which plaintiff was performing at the time of the accident was a part of Seeor’s trade or business, and was essential to the efficient functioning of their business. This position is supported by the affidavit of Stan Weir, the Seeor vice-president for special assets. Weir’s affidavit establishes that foreclosing on secured properties was a necessary part of Secor’s business as a lending institution and that the foreclosure process was occurring with great frequency at the time of plaintiffs injury. After the property was foreclosed on and was owned by Secor, the goal was to manage the property and make it marketable for sale. According to Weir’s affidavit, this included maintenance, repair and cleaning work on the property. Although Secor employed ^cleaning personnel for its bank facilities, Secor contracted out for the management, cleaning and repair of its foreclosed properties. In the present case, Secor contracted with Maurice Guillot Realty, Inc. (MGRI) for this function, and MGRI in turn contracted with Barbara Kerner.
Under the totality of the circumstances presented here, I find that the evidence shows that the cleaning activities which were performed by the plaintiff in this case was a necessary part of Secor’s business in foreclosing on properties and readying them for sale. I find no remaining issues of fact on Secor’s status as the statutory employer of Barbara Kerner, and I believe Secor is entitled to judgment as a matter of law.
SCHOTT, C.J., dissents for the reasons assigned by CIACCIO, J.